The opinion, of the court was delivered by
Spencer, J.
This case was before us in 1877 on an appeal from an order of removal. Goodrich having died pending that appeal, D. N. Barrow, as his administrator, was made party by order of this court. We reversed the order of removal and remanded the cause for further proceedings and trial on the merits. The trial resulted in a judgment in the court below against plaintiff, who appeals.
Goodrich was a member of the firm of Goodrich & Pilcher of New Orleans. In 1866 Hunton, alleging that the members of said firm were both residents of New Orleans, sued them on a note. Citation was-served on Goodrich in person, in this city. Not answering within the legal delay, a judgment by default was regularly entered against him. This default stood unconfirmed until 1874, when it was, on proof, made *583 final. Pending the suit, Goodrich became a bankrupt, and was discharged.
The present suit is to annul the judgment thus obtained by Hunton, on two grounds, to wit:
First — -That Goodrich had been discharged in bankruptcy.
Second — That he was a resident of Carroll parish, and could not be sued in Orleans.
First — A bankrupt’s discharge is a good defence, if pleaded and proved before judgment. It is no ground to annul a judgment upon.
Second — Goodrich was alleged to be a resident of the parish of Orleans, and was cited personally therein to answer. This he neglected to do, though he had most ample time.
We adhere to the views expressed in Phipps vs. Snodgrass, 31 An. 88. As a consequence, we hold that where a person is sued as a resident of the parish where the suit is brought, and is personally served with citation therein, a judgment regularly confirmed on default against him will be res adjudicata against a plea that he resided elsewhere.
Whether in such case the exception of non-residence, can or cannot be pleaded after default is entered, is a question of no moment here. Tt cannot be pleaded after final judgment. To so hold would put every judgment confirmed on default at the mercy of men’s memories, and subject litigants to unending lawsuits, to establish the validity* of judgments obtained, and final perhaps years before, and upon the faith of which reposes the security of titles of vast amounts of property. We limit ourselves to the case Where the non-resident party is sued as a resident, and is personally cited as such, within the parish. For if the service be domiciliary, as a non-resident could have no domicile in such parish, the judgment would be null for want of citation.
Barrow, as administrator, was made party to the suit in, and by order of, this court. When the case was remanded he continued to be a party and no further order to that effect was necessary.
The judgment is affirmed with costs.